**No. 25-10038-B**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

Cecile Jackson, ***Pro Se***,
*Plaintiff-Appellant*

*v.*

Troy E. Meinck, Secretary of the United States Air Force,
*Defendant–Appellees.*

On Appeal from the United States District Court
for the Northern District of Florida, Pensacola Division

No. 3:23-cv-03881-MCR-HTC
Hon. M. Casey Rodgers, United States District Judge

# APPELLANT'S MOTION TO SUPPLEMENT THE RECORD PURSUANT TO FED. R. APP. P. 10(e)(2)(C)

Submitted by:

Cecile Jackson
Plaintiff, ***Pro Se***
2551 Salamanca Street
Navarre, FL 32566
email: jacksonLegalCase@gmail.com
Telephone: (850) 341-9285

March 30, 2026

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Under Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, the undersigned Plaintiff-Appellant, ***Pro Se***, hereby submits this Certificate of Interested Persons and Corporate Disclosure Statement. The following is a complete list of all persons, associations, firms, partnerships, or corporations that have an interest in the outcome of this case:

- Ashworth, Gary A. (Former Acting Secretary, United States Department of the Air Force, Defendant-Appellee)
- Cannon, Hope T. (United States Magistrate Judge, Northern District of Florida)
- Coody, Jason R. (Former United States Attorney, Current Chief of Criminal Cases, Northern District of Florida)
- Couch, Mary Ann (Assistant United States Attorney; Attorney for Defendant-Appellee, TERMINATED)
- Grogan, Andrew J. (Assistant United States Attorney; Attorney for Defendant-Appellee)
- Heeken, John "Jack" P. (United States Attorney, Northern District of Florida)
- Jackson, Dr. Cecile S. (Pro Se, Plaintiff-Appellant)
- Kendall, Frank (Retired, Secretary, United States Department of Air Force, Defendant-Appellee)
- Marie A. Mattox, P.A. (Corporation; Attorney for Plaintiff*Appellant, TERMINATED)

- Mattox, Marie A., Esq. (Attorney for Plaintiff*Appellant, TERMINATED)

- Meink, Dr. Troy E., (Secretary, United States Department of Air Force, Defendant-Appellee)

- Pafford, William (Assistant United States Attorney; Attorney for Defendant-Appellee, TERMINATED)

- Rodgers, M. Casey (United States District Judge, Northern District of Florida)

- Spaven, Michelle K. (Former Acting United States Attorney; Northern District of Florida)

**AIR FORCE (AF) & EGLIN AIR FORCE BASE JUDGE ADVOCATE GENERAL ATTORNEYS**

- Blauvelt, Michael L. (AF Judge Advocate General Attorney)

- Department of the Air Force, Judge Advocate General's Corps (AF/JAG)

- Frank, Shelly M., Col. (AF Judge Advocate General Attorney)

- Jackson, Daphne L., Lt. Col. (AF Judge Advocate General Attorney)

- Krog, Andrew T. (AF Judge Advocate General Attorney)

- Warnock, Daniel L. (AF General Law Attorney)

- Zapater, Monica S., Maj. (AF Judge Advocate General Attorney)

**INSPECTOR GENERAL PERSONNEL**

- Clark, Paul M. Sr. (AF Inspector General Officer)

- Department of the Air Force, Office of the Inspector General (AF/IG)

- Garrick, William G. (AF Inspector General Officer)

**EEO & CIVILIAN PERSONNEL OFFICES**

- Air Force Personnel Center (AFPC), EEO Division
- Avance, Anthony (EEO Director, Department of the Air Force)
- Department of Defense Human Resource Activity, Diversity Management Operations Center (DODHRA DMOC)
- DSZ (Contract EEO Investigator)
- EEOC Birmingham District Office
- Equal Employment Opportunity Office, Department of the Air Force
- Porter, Eunice (EEO Counselor)

**AFCARO**

- Air Force Civilian Appellate Review Office (AFCARO)
- Naglic, Mark J. (EEO Case Management Specialist)
- SAF/MRBA – Office of the Assistant Secretary of the Air Force for Manpower and Reserve Affairs

**EGLIN AIR FORCE BASE, FLORIDA: MILITARY OFFICERS, ENLISTED, AND CIVILIANS**

- Atherton, Debra A.
- Bettua, Tracey
- Black, Kenneth, Col.
- Breaux, Terrell
- Buchholz, Trinity, SSgt
- Bunch, Arnold, Brig. Gen.

- Cain, Scott, General
- Clark, Stephen W., SSgt
- Davis, Scott A.
- Ewert, Kelly L., Helping Agency Coordinator
- Hawn, Rene', 2Lt.
- Hill, Lamar
- Howey, Clifford J., MSgt
- Jones, Rick
- Klus, Catherine F., 1st Lt.
- Lee, Jonathan, 1st Lt.
- Mensen, Kurando, Lt. Col.
- Moreno-Rosado, Alexis
- Nelson, Elaine K., 2nd Lt.
- Preble, Carman
- Prophet, Tiffany
- Rowbotham, Brant, SSgt
- Shull, Sarah J., MSgt
- Tasse, Rockey
- Uchima, Kevin Y. G., TSgt
- Weed, Scott A., Lt. Col.
- Wilke, Mark E.

- Willcox, David M.
- Wilson, Lynn

**CERTIFICATE OF SERVICE**

Plaintiff-Appellant, ***pro se***, hereby certifies that a copy of the foregoing Certificate of Interested Persons and Corporate Disclosure Statement was served electronically through the Court's CM/ECF system on all parties of record.

Respectfully submitted,

March 30, 2026

***/s/ Cecile Jackson***

Cecile Jackson
Plaintiff, ***Pro Se***
2551 Salamanca Street
Navarre, FL 32566
email: jacksonLegalCase@gmail.com
Telephone: (850) 341-9285

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

| | |
|---|---|
| **CECILE JACKSON,**<br>***Pro se***<br><br>Plaintiff-Appellant<br><br>*vs.*<br><br>**Secretary,**<br>United States Department of the Air Force,<br><br>Defendant–Appellee. | Appeal No.: 25-10038-B |

**APPELLANT'S MOTION TO SUPPLEMENT THE RECORD PURSUANT TO FED. R. APP. P. 10(e)(2)(C)**

Plaintiff–Appellant, Cecile Jackson, proceeding pro se, respectfully moves this Court to correct and supplement the record under Federal Rule of Appellate Procedure 10(e)(2)(C). This motion is procedural only and does not constitute a brief, nor supplement Appellant's arguments, introduce new evidence, or expand the issues on appeal. As a motion to correct the record under Fed. R. App. P. 10(e)(2)(C), the motion is properly filed after the close of briefing and seeks solely to ensure the appellate

record accurately reflects materials that were before the parties during district-court proceedings.

The document at issue is the complete "Need a Vector" (NAV) email chain, from April 23, 2021 through June 14, 2021, bearing USAO production numbers 015522–015528, hereinafter referred to as "NAV-Complete." The document was produced in discovery but inadvertently omitted from the docket. The docket contains two truncated versions of the same chain: NAV-1, covering April 23 through May 18, 2021, and NAV-2, covering the initial April 23, 2021, 11:11 AM message only.

**1. Governing Standard**

Fed. R. App. P. 10(e)(2) permits supplementation where "anything material to either party is omitted from or misstated in the record by error or accident." The Eleventh Circuit applies this rule to ensure the record "conform[s] to the truth" of what occurred below. Where parties relied on a document in the district court that was not formally filed due to clerical error, supplementation is appropriate. Although supplementation is discretionary, the Court may allow where doing so aids accurate appellate

review and avoids unnecessary remand. The Rule ensures the record accurately reflects what occurred in the district court. *Ross v. Kemp*, 785 F.2d 1467, 1474 (11th Cir. 1986).

Further, Rule 10(e)(2)(C) permits this Court to correct the record *sua sponte*. Where supplementation will aid review and avoid unnecessary remand, the Court may grant supplementation and proceed to the merits. *Dickerson v. Alabama*, 667 F.2d 1364, 1367–68 (11th Cir. 1982).

**2. The Omitted Material Was Part of the Proceedings Below**

During discovery, the Agency produced three versions of the NAV email chain: NAV-Complete, NAV-1, and NAV-2, as defined in the introduction above. The record reflects the parties and the district court relied on different partial versions of the same April 23, 2021, NAV email chain. The docket contains truncated versions, duplicated across various dockets. The same NAV-1 is docketed several times as follows:

- Doc. 23-17 at 2–6, bearing USAO production numbers;
- Doc. 18-27 at 1–5;
- Doc. 23-46 at 2–6;

- Doc. 28-1 at 712–716.

NAV-2 appears as Doc. 23-44 at 2.

Defense relied on a truncated version, NAV-1, in support of Motion for Summary Judgment, cited at Doc. 18 at 36–37. Prior counsel in Opposition Motion relied on both NAV-1 and NAV-2 (Ex. 46 and 44, respectively), cited at Doc. 31 at 21-22. In Order Granting Summary Judgment, the district court relied on NAV-2, a separate truncated version where the origin timestamp differs from that in NAV-1. Doc. 44 at 17. Further, in Briefing, Appellant cited the NAV chain in Opening Brief (Doc. 18 at 26–27) and Reply Brief (Doc. 34 at 5–7, 13–17, 19–26, 36). Defense's Response Brief cited the same materials in Doc. 22 at 35, 48–49.

Thus, the record as transmitted to this Court contains two partial versions of the same originating communication, NAV-1 and NAV-2, docketed separately across multiple filings, but omits the complete chain from which both derive. Supplementation with NAV-Complete ensures the Court has the full communication as it existed during the proceedings below, alongside the partial versions already on the docket.

The arguments concerning the April 23, 2021 coordination sequence, the involvement of JAG, IG, and EEO, and the chronology of events through June 2021 were preserved in the district court proceedings and carried into appellate briefing by both parties. NAV-Complete falls entirely within the scope of what was already argued, and cannot introduce what is already in the record.

### 3. The NAV Email Chain Is a Single Evidentiary Unit Already Before the Court

NAV-Complete is not a new document but the same email thread already in the record, containing the same participants, subject line, and continuous communications, with additional portions that were omitted during record assembly. Both parties treated the NAV emails as a single, continuous communication sequence in the district court. The district court likewise relied on that sequence in evaluating the chronology and purpose of the events at issue. Accordingly, supplementation does not expand the record, but restores completeness to an evidentiary unit already before the Court.

### 4. The Omission Was the Result of Error or Accident

The omission occurred during prior counsel's bulk upload of more than 7,000 pages across six dockets, which resulted in duplicates, fragmented documents, missing portions of the record, and exhibits integrated into single composite filings. See Docs. 23–29. Appellant discovered the omission after assuming pro se status and reviewing the docketed materials.

Defense counsel himself acknowledged the disorganized state of the record, characterizing prior counsel's filing as a “haphazard document dump” of more than 7,000 pages into the summary judgment record. Doc. 80 at 2–3 ¶ B. That characterization, made by the opposing party, independently confirms the omission of NAV-Complete was clerical error.

Appellant notified the district court October 21, 2024, the docket contained duplications and missing documents, stating:

> Since assuming pro se status, I have worked diligently to organize the extensive case materials that were left in disarray by previous counsel. For example, Exhibit 68 …[is] split into Exhibits 68a, 68b, and 68c [dockets 24, 25, and 26] with, each over 1,000 pages long. Exhibits 68b and 68c are duplicates, and one ROI appears to be missing entirely….The current disorganization not only hinders my ability to prepare my

> Motion for Reconsideration but also complicates the Court's review process, as the exhibits are confusing and inconsistent. Doc. 57 ¶ 4.

The Court's Order limited Appellant's request to the Rule 59(e) motion at hand. Doc. 62.

NAV-Complete was produced in discovery, bears USAO production numbers, and in the possession of both parties during the proceedings. The presence of multiple truncated versions of the same email chain on the docket confirms that the omission was clerical rather than substantive. Under Rule 10(e), omissions arising from filing errors or record assembly defects fall squarely within "error or accident." Fed. R. App. P. 10(e)(2). *Ross v. Kemp*, 785 F.2d 1467, 1474 (11th Cir. 1986).

**5. Supplementation Is Proper Under the Rules of Completeness**

Where the record contains only selected portions of a writing that was treated as a unified whole below, the 'anything material' standard of Rule 10(e)(2) requires inclusion of the complete document. *Ross v. Kemp*, 785 F.2d 1467, 1474 (11th Cir. 1986). The district court and both parties relied on partial NAV chains; inclusion of the complete thread is therefore necessary

to ensure the record accurately reflects the communications as they existed and were understood below.

**6. Remand Is Unnecessary**

The district court cited and relied upon the NAV email chain, which was already part of the record through prior counsel's Opposition, Defendant's summary judgment briefing, and Appellant's Rule 59(e) motion. NAV-Complete does not introduce new evidence but completes the existing chain already before the lower court.

NAV-Complete was produced by the Agency in discovery under USAO production numbers 015522–015528 and was in the possession of both parties throughout District proceedings. NAV-Complete does not introduce a new theory, new actors, or new events, but is the same continuous email chain already before the Court, rooted from the same April 23, 2021, communications that both parties cited, and the district court relied upon.

FRAP 10(e)(2)(C) expressly authorizes the Court of Appeals to correct the record directly where material is omitted by error or accident. The

Eleventh Circuit has exercised this authority to supplement the record and proceed to decision on appeal. See *Dickerson v. Alabama*, 667 F.2d 1364, 1367–68 (11th Cir. 1982).

Review of summary judgment is de novo; therefore, this Court may evaluate the record as supplemented without deference to the district court's conclusions. Where the asserted error arises from misapplication of summary judgment standards to evidence already in the record, remand is unnecessary.

**7. Requested Relief**

- Order the record supplemented with the discovery-produced NAV-Complete email thread (bearing USAO production numbers 015522–015528), attached hereto as **Attachment A**, pursuant to Fed. R. App. P. 10(e)(2)(C).
- Proceed to the merits of the appeal without remand, as supplementation of this existing evidentiary unit serves judicial economy and will aid the Court's de novo review.
- Grant such other relief as the Court deems appropriate.

Respectfully submitted,

March 30, 2026

***/s/ Cecile Jackson***
Cecile Jackson
Plaintiff, ***Pro Se***
2551 Salamanca Street
Navarre, FL 32566
email: jacksonLegalCase@gmail.com
Telephone: (850) 341-9285

## CERTIFICATE OF COMPLIANCE

**1. Type-Volume**

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document, exempted by Fed. R. App. P. 32(f), the document contains ~1437 words.

**2. Typeface and Style**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Palatino Linotype.

Respectfully submitted,

March 30, 2026

***/s/ Cecile Jackson***

Cecile Jackson
Plaintiff, ***Pro Se***
2551 Salamanca Street
Navarre, FL 32566
email: jacksonLegalCase@gmail.com
Telephone: (850) 341-9285

## CERTIFICATE OF SERVICE

Plaintiff-Appellant, ***pro se***, hereby certifies that a copy of the foregoing was served electronically through the Court's CM/ECF system on all parties of record.

Respectfully submitted,

March 30, 2026

***/s/ Cecile Jackson***

Cecile Jackson
Plaintiff, ***Pro Se***
2551 Salamanca Street
Navarre, FL 32566
email: jacksonLegalCase@gmail.com
Telephone: (850) 341-9285