April 27, 2026

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: No. 25-10038-B, *Jackson v. Department of Air Force*
Rule 28(j) Letter of Appellant

Dear Mr. Smith:

This Court's decision in *Phillip Beazer v. Richmond County Constructors, LLC*, No. 24-11734 (11th Cir. Mar. 10, 2026) is significant and reinforces the applicability of equitable tolling in this appeal. *Beazer* applies a totality-of-the-circumstances framework, assessing reasonable diligence and extraordinary circumstances beyond a plaintiff's control.

**1. Reasonable Diligence.** Beazer holds that equitable tolling… requires "reasonable diligence," not "maximum feasible diligence," in pursuing one's rights. Slip op. at 8. Appellant retained counsel before receiving the Final Agency Decisions (FADs), provided underlying records and evidence, actively engaged and repeatedly inquired about the filing deadline, received assurances of timely filing. Despite the efforts, counsel filed late without notice. *Beazer* emphasized "reasonable diligence" in pursuing rights to prevent untimely filing; pertinent points raised in the Opening Brief at 11, 17-18.

**2. Abandonment/Adverse Conduct.** *Beazer* further holds that equitable tolling requires an "extraordinary circumstance" beyond the appellant's control, and recognizes attorney abandonment and dilatory conduct may qualify. Slip op. at 12 (citing *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236

(11th Cir. 2017)). Counsel filed 8 days late, directly caused the untimely filing, and failed to inform Appellant; omitted voluminous key evidence (ROIs, emails, declarations, FADs), withdrew after summary judgment, and falsely claimed consent, leaving pro se without meaningful representation at a critical juncture. (Opening Br. at 11, 17–18; Doc. 54 at 2-3; 8–9; Doc. 55; Doc. 57 ¶¶ 2, 4; see also Doc. 63 at 39–40). *Beazer* cites *Cadet*, which identifies such acts as abandonment; conduct adverse to client's interests.

**3**. **Totality**. *Beazer* emphasized that equitable tolling turns not on any single factor but on the totality-of-circumstances beyond Appellant's control. Slip. Op. at 12. Considered together, the confluence of counsel's abandonment directly prevented timely filing and impeded the pursuit of rights, despite Appellant's diligence.

Further, as in this appeal, the Court concluded that the defendant suffered no prejudice from the short delay. Slip op. at 14. Just as in *Beazer*, the totality-of-the-circumstances here supports the application of equitable tolling to the Appellant's eight-day filing delay.

Respectfully,

*//Cecile Jackson*
Cecile Jackson
Appellant, *Pro Se*
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285

## CERTIFICATE OF COMPLIANCE

**1. Type-Volume**

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document, exempted by Fed. R. App. P. 32(f), the document contains ~336 words.

**2. Typeface and Style**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Palatino Linotype.

Respectfully submitted,

*//Cecile Jackson*

Cecile Jackson
Appellant, Pro Se
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285

**CERTIFICATE OF SERVICE**

Plaintiff-Appellant, ***pro se***, hereby certifies that a copy of the foregoing was served electronically through the Court's CM/ECF system on all parties of record.

Respectfully submitted,

*//Cecile Jackson*
Cecile Jackson
Appellant, Pro Se
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285