May 31, 2026

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

**Re:** *Jackson v. Department of Air Force,* No. 25-10038-B
Rule 28(j) Letter of Appellant (Third)

Dear Mr. Smith:

*Ismael v. Roundtree*, No. 25-10604, 161 F.4th 752 (11th Cir. Dec. 5, 2025), came to Appellant's attention during post-surgical recovery (App. Docs. 25–29) and directly governs the district court's summary judgment errors.

1. **Absence of Predicate**. Under *Ismael*, the court asks, "whether the defendant intentionally retaliated against the plaintiff because of the plaintiff's protected activity," slip op. at 16.

The purported predicate: Comment cards described as pre-existing with unprecedented "anguish," demanding immediate investigation; were actually undated, ***grossly portrayed***, and solicited *after* protected activity. Assuming the cards raised legitimate concerns, the Agency's progressive counseling procedures required discussion, documentation, then personnel-record entry. Doc. 25-1 at 673–674; Opening Br. at 38-39, 62. Davis: "I wrote nothing." Doc. 29-5 at 8. Instead, same-day investigation. Thereafter, adverse characterizations metastasized to bullying, abuse-of-authority, then criminal allegations of timecard/telework fraud; all contrived. Opening Br. at 16–34; Reply Br. at 20.

*Ismael* is unambiguous "if the defendant fails to proffer evidence of a legitimate reason for the adverse employment action, summary judgment …[for] the plaintiff is appropriate." slip op. at 21-22.

2. **Graver Adverse Action**. *Ismael* holds "evidence that their explanation is untruthful, inconsistent...may…be probative of malfeasance." *Id* at 16.

The EEO Director denied, then admitted, premature disclosure later declaring, "I talk to commanders about that stuff all the time." Doc. 29-3 at 41:17–19. IG directed "ask those junior folks," Doc. 18-27 at 4. Yet, Weed swore they came forward "on their own accord." Doc. 25-1 Q55b. Weed's declaration signed April 25, 2022, attached an altered April 23, 2021 email; forwarded the same-day, 11:11am changed to 1210. Doc. 28-1 at 34; Doc. 23-46; Opening Br. at 16; Reply Br. at 17-18; 43.

The district court found "Jackson did not suffer any adverse consequences during or after the informal climate inquiry and CDI." Doc. 44 at 29. Being subjected to retaliatory investigations orchestrated by EEO, IG, JAG, Command, with the named-harasser embedding stigmatizing accusations in official records – is the *graver* adverse action. Opening Br. at 41; Doc. 23-32.

Under *Ismael*, a court that disregards evidence probative of illicit intent compels reversal. slip op. at 19-21.

*//signature on following page//*

Respectfully,

***/s/Cecile Jackson***
Cecile Jackson
Appellant, Pro Se
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285

## CERTIFICATE OF COMPLIANCE

**1. Type-Volume**

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document, exempted by Fed. R. App. P. 32(f), the document contains 350 words.

**2. Typeface and Style**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Palatino Linotype.

Respectfully submitted,

***/s/Cecile Jackson***
Cecile Jackson
Appellant, Pro Se
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285

## CERTIFICATE OF SERVICE

Plaintiff-Appellant, ***pro se***, hereby certifies that a copy of the foregoing was served electronically through the Court's CM/ECF system on all parties of record.

Respectfully submitted,

***/s/Cecile Jackson***
Cecile Jackson
Appellant, Pro Se
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285