July 8, 2026

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:** *Jackson v. Department of Air Force,* No. 25-10038-B
Rule 28(j) Letter of Appellant

Dear Mr. Smith:

*Coley-Pearson v. Martin*, No. 23-13249, slip op. at __ (11th Cir. Oct. 14, 2025), came to Appellant's attention during post-surgical recovery (App. Docs. 25–29). Although §1983, *Coley-Pearson* clarifies analogous causation principles. There, autonomy severed causation; here, non-autonomy preserves causation. Opening Br. at 14–17, 21–29; 38-41; Reply Br. at 12-29, 43, 47-49.

**1. False Narratives.** *Coley-Pearson* preserves causation where defendants "knowingly suppl[y] false information" and intervening actors act without verification. *Id.* at 17, 24.

After EEO's premature disclosure, Weed emailed fabricated narratives to EEO/IG/JAG. IG uncritically planned: solicit anonymous junior-personnel statements, route to Black for investigation, obtain legal-sufficiency review;

JAG concurred. Same-day coordination; no independent verification. AFI 90-301 ¶¶ 3.4-3.16 (2018).

**2. Autonomy.** *Coley-Pearson* holds autonomy absent where defendant "active[ly]" and "personal[ly]" participates or "exercise[s] extraordinary influence over" the actor. Slip op. at 16.

Black admitted, "Weed…came to me with an EEO issue…I initiated a[n]…Inquiry." (Doc. 28-1 at 14). Weed "crowdsourced:" "I want…full buy-in…across…key agencies,"(Doc. 18-27 at 1); confessed to junior-personnel "sit-down[s]," (Doc. 18-11 at 18), seeding Black's inquiry and planning Black's CDI. Doc. 27-9 at 24:6-19; Reply Br. at 22.

Weed influenced junior-personnel and Black's decision-making; all ***fruits*** (statements/cards, inquiries, CDI) were products of Weed's fabrication; non-autonomous.

**3. Foreseeability.** *Coley-Pearson* holds "defendants are…responsible for the natural and foreseeable consequences of their actions." Slip op. at 20, 22.

EEO/IG/JAG were experienced and foresaw consequences. EEO's premature disclosure foreseeably enabled downstream non-autonomy, admitting retaliation perceptions. Doc. 29-3 at 15:21-24; 22:16-19. IG

foreseeably pre-selected Black to extend Weed's narrative (*Id.* at 13), despite mandatory referral of conflicted complaints one-level higher. AFI 90-301, Table 3.8/Rule 3. As IG planned, JAG deemed the pretextual, fabricated, wholly unsigned CDI legally sufficient (Doc. 27-15 at 735), foreseeing reliance.

District accepted Black's CDI as an "extension of command authority," (Summary Judgment, Doc. 44 at 3 n.3), ruling the continuous-chain non-adverse, accepting all ***fruits*** as undisputed fact, and resolving contested issues without Rule 56 review. *Id.* at 2–6, 28.

*Coley-Pearson*: causation breaks only where nothing "impugn[s]…the independence" of intervening actors. Slip op. at 16. Here, causation remains unbroken from April 23 disclosure through summary judgment.

Respectfully,

***/s/Cecile Jackson***

Cecile Jackson
Appellant, Pro Se
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285

## CERTIFICATE OF COMPLIANCE AND SERVICE

This letter complies with the word limit of Fed. R. App. P. Rule 28(j) and contains 350 words.

Further, Appellant, ***pro se***, hereby certifies the foregoing was served electronically through the Court's CM/ECF System on all parties of record.

Respectfully,

***/s/Cecile Jackson***

Cecile Jackson
Appellant, Pro Se
2551 Salamanca Street
Navarre, FL 32566
Email: jacksonLegalCase@gmail.com
Telephone: 850-341-9285